## McDonold *v.* Franklin County.

1. Commissioners are not liable individually, when they have complied strictly with the law of their appointment.
2. A contract made by Commissioners with legal authority on account of a county, will be enforced. (Note *a.*)

ERROR from St. Louis Circuit Court.

Wash, J., delivered the opinion of the Court.

This was an action of assumpsit brought by McDonold against the county for the building of a Court House. The Commissioners appointed by statute let out the building as directed by law, and McDonold became the lowest bidder. He executed a bond for the faithful performance of the work, and the Commissioners, styling

themselves " Commissioners of Franklin county," gave him two promissory notes for the amount of his bid, one of which is the foundation of the present suit. The declaration contains six counts. The four first on the note, the fifth on the special verbal contract of letting, and the sixth on an account stated. The defendant pleaded non-assumpsit generally, and had verdict and judgment in the Circuit Court, to reverse which the plaintiff now prosecutes his writ of error. The evidence given on the trial is preserved by a bill of exceptions, and shows amongst other things, that the Commissioners appointed by the act of 1818, erecting the county of Franklin, in pursuance of the authority given them in said act, proceeded to select a site for the county seat, laid out and sold a number of lots in the new county town ; built a jail and paid for it from the proceeds of the lots sold, and having a surplus in their hands, after paying for the jail, of some seven or eight hundred dollars, proceeded to (218) build a Court House, and entered into the contract sued on. The funds arising from the sale of lots proved insufficient to pay for the Court House, and the county now insists that it is not liable for the balance, In comparing the evidence with the statute it will be seen that the Commissioners pursued strictly the law of their appointment. The act prescribes no mode in which they shall contract for the county, but directs that the money arising from the sale of lots, shall be first applied to the building of a jail, " and the remainder, if any, shall be by them applied towards building a Court House and other public buildings," &c., leaving the Commissioners to select such mode of contracting and exercising their powers as might be convenient and-proper.

The law of this case is correctly settled in the suit of Laughlin et al. v. McDonold, which was brought to recover the amount of the note sued on in the present case, from the Commissioners in their individual characters, on the ground that they had exceeded their authority, and which, after recovery in the Circuit Court, was brought up to this Court and reversed. That case, as well as the present, is clearly distinguishable from that of McClintic v. Fort Summers et al., decided by this Court, on which the defendants rely.

In the latter case the Commissioners named in the act establishing the county of Montgomery, proceeded without regard to the law of their appointment, and on that ground were made responsible in their individual characters. In the present case it is shown that the Commissioners conformed strictly to the law, and for that reason could not be made liable, but have bound the county by their contract. It would be a stigma upon the law if a contract made by the Commissioners in the strict line of their duty, and by legal authority, for and on account of the county, and of which the county has derived the benefit, could not be enforced.

The judgment of the Circuit Court is erroneous, and is therefore reversed with costs, and the cause remanded to said Circuit Court to enter up judgment in conformity with this opinion.

(a.) See Ruggles v. Washington county, 3 Mo. R., p. 496.